851 F.2d 1501
 271 U.S.App.D.C. 274
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Sophie SMITH, individually and as personal representative of
Jonah Smith, Appellant,
v.
Carla D. JEFFRIES.
 Nos. 87-7111, 87-7112.
 United States Court of Appeals, District of Columbia Circuit.
 April 20, 1988.
 
 Before RUTH BADER GINSBURG, BUCKLEY, and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and was briefed and argued by counsel for the parties. It is evident from our full review of the case that the appeal occasions no need for a published opinion. See D.C.Cir.R. 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment from which this appeal has been taken be affirmed in all respects, and it is further
 
 
 3
 ORDERED and ADJUDGED that the application of appellee/cross-appellant for double costs and damages be denied. It is
 
 
 4
 FURTHER ORDERED, by the Court, on its own motion, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15. This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 MEMORANDUM
 
 5
 The district judge, at the close of plaintiff Sophie Smith's evidence, which included the testimony of defendant Carla D. Jeffries, and as trier of fact as well as law in this case, ruled:
 
 
 6
 There is clear and convincing evidence that all transfers of money or property from decedent to defendant, which have not been returned to plaintiff, were inter vivos gifts to defendant and are defendant's money and property.
 
 
 7
 Smith v. Jeffries, No. 85-1942, Memorandum Op. at 7 (D.D.C. Apr. 30, 1987). The record fully justifies that finding, and provides no grounding for Smith's request for a new trial at which Jeffries would be required to prove, what the district judge has already found clearly and convincingly proved, i.e., "that any transfers of money received by [Jeffries] from the decedent ... were bona fide gifts." See Brief of Appellant Cross-Appellee at 20.
 
 
 8
 In accord with the district court, we find the Rule 11 sanction question a close one in this case. We are not prepared, however, to disturb the assessment made by the district judge on that matter. In the circumstances presented, the judgment call was his to make, and we cannot characterize it as erroneous.
 
 
 9
 Jeffries seeks double costs and damages on the ground that Smith's appeal is frivolous. But as Jeffries herself points out, Smith did not appeal the dismissal of her case during the prescribed thirty-day period; she only noticed her appeal later as a cross-appeal, when Jeffries appealed the ruling on the Rule 11 issue. See Reply Brief of Appellee, Cross-Appellant at 3. Smith was justified in defending the appeal from the Rule 11 ruling; that issue and the merits are so intimately related in this case that we do not find double costs and damages warranted.